United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN LINBIRD DAVIS,

    Plaintiff,

v.

ROBERT TEENY, et al.,

    Defendants.

Case No. 17-cv-03737-JD

**ORDER OF DISMISSAL**

Re: Dkt. No. 7

Plaintiff, a detainee, has filed a pro se civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The original complaint was dismissed with leave to amend. Plaintiff has not filed an amended complaint but he did file a short motion for summary judgment. The Court will construe the motion for summary judgment as an amended complaint and review the allegations.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a private cause of action under *Bivens*, and its progeny, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (§ 1983 and *Bivens* actions are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*).

**LEGAL CLAIMS**

Plaintiff alleges that two federal probation officers manipulated his paperwork which resulted in him staying on probation for an extra four years. He seeks money damages. The Ninth Circuit has held that probation officers possess an absolute judicial immunity from damage suits under § 1983 for official functions bearing a close association to the judicial process. *Demoran v. Witt*, 781 F.2d 155, 156-58 (9th Cir. 1985). For example, probation officers receive judicial immunity for their role in preparing presentence reports because, in preparing these reports, probation officers act as "an arm of the sentencing judge;" engage in "impartial fact-gathering for the sentencing judge", the results of which can be considered in aggravation or mitigation of a punishment; and serve a function "integral to the independent judicial process." *See id*.

In the original complaint plaintiff stated that defendants manipulated the paperwork, but he failed to provide any other information regarding how the defendants' actions resulted in him staying on probation for an extra four years. Plaintiff's brief and conclusory allegations were

insufficient to state a claim pursuant to *Iqbal*. Plaintiff had not shown that defendants acted outside of their official functions to not be entitled to immunity. The complaint was dismissed with leave to amend to provide more information.

Plaintiff has not provided additional information in the amended complaint. As noted in the prior screening order, it appears that plaintiff is referring to *United States v. Davis*, No. 00-cv-0450-MMC. The record reflects that on February 27, 2002, plaintiff was sentenced to 96 months in custody and 3 years supervised release. Docket No. 47. The record also reflects that there were several arrest warrants issued for plaintiff once he was on supervised release and multiple revocations of supervised release. Docket No. 95. Plaintiff admitted to several violations and was sentenced to time served and additional supervised release. Plaintiff has failed to present sufficient allegations in the amended complaint demonstrating that defendants are not entitled to immunity. This action is dismissed for failure to state a claim. Because further amendment would be futile, this action is dismissed with prejudice.

## CONCLUSION

1. For reasons set forth above this action **DISMISSED** with prejudice. Plaintiff's premature motion for summary judgment (Docket No. 7) is **DENIED**.

2. The Clerk shall close this action and terminate all pending motions.

**IT IS SO ORDERED.**

Dated: February 8, 2018

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LINBIRD DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT TEENY, et al.,<br><br>    Defendants. | Case No. 17-cv-03737-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Linbird Davis
#16664426
850 Bryant Street
San Francisco, CA 94103

Dated: February 8, 2018

                      Susan Y. Soong
                      Clerk, United States District Court

                      By: /s/ Lisa R. Clark
                      LISA R. CLARK, Deputy Clerk to the
                      Honorable JAMES DONATO